UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br>v.<br><br>RICHARD D. CORONA,<br><br>  Defendant - Appellant. | No. 08-50031<br><br>D.C. No. CR-04-01298-BEN-01<br>U.S. District Court for Southern California, San Diego<br><br>MANDATE |
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br>v.<br><br>TRACY D. CORONA,<br><br>  Defendant - Appellant. | No. 08-50032<br><br>D.C. No. CR-04-01298-BEN-02<br>U.S. District Court for Southern California, San Diego |

**FILED**

JAN 1 2 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The judgment of this Court, entered December 21, 2009, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

Lee-Ann Collins
Deputy Clerk

FILED

DEC 21 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50031 |
| Plaintiff - Appellee, | D.C. No. CR-04-01298-BEN-01 |
| v. | |
| RICHARD D. CORONA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50032 |
| Plaintiff - Appellee, | D.C. No. CR-04-01298-BEN-02 |
| v. | |
| TRACY D. CORONA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Appellants Richard and Tracy Corona appeal their convictions for conspiracy to defraud the government by impeding the lawful function of the IRS in violation of 18 U.S.C. §371 and three counts each of willful failure to pay taxes in violation of 26 U.S.C. §7203. Additionally, Richard Corona appeals his conviction for tax evasion in violation of 26 U.S.C. §7201.  We affirm.

The Coronas' first set of challenges concerns the good faith instructions given by the district court. None of these challenges has merit. First, the Coronas' contention that the district court instructed the jury that disagreement with the IRS's interpretation of the law could not be a good faith defense rests on a misreading of the instruction actually given. Second, the Coronas' contention that a belief that the tax laws are unconstitutional should be a defense to willfulness has been rejected by the Supreme Court. *See Cheek v. United States*, 498 U.S. 192, 205 (1991). The Coronas' third argument, that the district court erred by telling the jury to disregard the legal arguments in two documents challenging the validity of the tax laws, and by instructing the jury not to regard as accurate the legal arguments in another document challenging the IRS's levy procedures, also fails. *Cheek* is explicit in its approval of instructions telling the jury to disregard a defendant's view on the validity of the tax laws. *See id*. at 206. The instruction with regard to

the third document at the time of its introduction into evidence properly invited the jury to consider the effect of the letter on Mrs. Corona while informing the jury that the letter inaccurately described the law. In any event, there is no reason to believe that this instruction distracted the jury from its duty to consider the Coronas' good faith defense. *See United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1992).

The Coronas next challenge six of IRS Officer Carol Rose's statements as improper expert testimony by a lay witness. "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701 advisory committee's note (2000 amendments) (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). None of the challenged statements resulted from such specialized reasoning or expertise. As none of the challenged statements constitute expert testimony, defendants' argument that their convictions must be reversed because the government failed to notify them that it would be calling Rose as an expert witness also fails. *See* Fed. R. Crim. P. 16.

The Coronas also challenge several of the same statements by Officer Rose as opinions about ultimate factual questions. They assert, incorrectly, that lay

witnesses are not permitted to give such opinions. A lay witness is permitted to express opinions so long as those opinions are based on his own perception, helpful to a clear understanding of his testimony or a factual issue in the case, and not based on scientific, technical or other specialized knowledge. *See* Fed. R. Evid. 701. If a lay witness's opinion is otherwise admissible, that it concerns an ultimate issue of fact does not render it inadmissible. *See* Fed. R. Evid. 704 (a).

Of defendants' various other arguments regarding Officer Rose's testimony, only the argument that Rose's statement concerning her superior's "concurr[ence]" with her collection actions was hearsay merits discussion. Defendants are correct that the statement was hearsay, and not, as the government contends, a verbal act. To be a verbal act, a statement must "affect[] the legal rights of the parties or [be] a circumstance bearing on the rights of the parties." *See* Fed. R. Evid. 801(c), advisory committee's note. However, the district court's error in admitting the statement was harmless. That Rose's IRS supervisors agreed that she was conducting her collection efforts properly has very little to do with the ultimate issue in the case: whether the Coronas willfully did not pay their taxes and conspired to obstruct the tax-collecting function of the IRS. It is, thus, more probable than not that any error did not materially affect the verdict. *See United States v. Morales*, 108 F.3d 1031, 1040 (1997).

Defendants' third set of contentions challenges the sufficiency of the evidence underlying their convictions for willful failure to pay taxes from 1998-2000. First, the Coronas argue that the government was required to show that they had the ability to pay the taxes assessed on or about the 15th of April 1999, 2000, and 2001. However, the case that the Coronas rely on to support this argument, *United States v. Andros*, 484 F. 2d 531, 533-34 (9th Cir. 1973), was overruled by *United States v. Easterday*, 564 F.3d 1004 (9th Cir. 2009), in which this court stated that *Andros* was no longer binding precedent and that "wilfulness does not require the government to prove that a defendant had the ability to meet his tax obligations." *See id.* at 1011.

The Coronas' second argument as to sufficiency of the evidence, that they could not willfully have failed to pay the tax obligations from the previous year "on or about" the 15th of April of 1998, 1999, and 2000 because at those dates they did not yet know their tax liability, also fails. The jury had enough evidence to conclude that the Coronas' failure to pay taxes was willful, and not a result of not knowing their tax liability.

Third, the Coronas contend that Tracy Corona relied on an admittedly ineffective marital agreement that purported to relieve her of any tax obligation beyond the taxes owed on her salary, which were withheld by her employer and

5

paid to the government. They argue that because of her reliance on the agreement, there was insufficient evidence to convict her of willful failure to pay taxes. However, the jury was free to disbelieve her claim that she relied on the marital agreement.

The Coronas' final two contentions concern the district court's failure to give two jury instructions that they did not ask the court to give. First, they contend that the court should have instructed the members of the jury that in order to convict Mr. Corona of tax evasion, it was necessary that they unanimously agree as to the factual basis for his conviction. Second, they contend that the court was required to instruct the jury that in order to convict on conspiracy, it had to determine that defendants had committed an overt act within the statute of limitations.

The Coronas are correct that the district court should have given both instructions. First, a specific unanimity instruction is required when there is a "genuine possibility of juror confusion," *see United States v. Anguiano*, 873 F.2d 1314, 1319-20 (1989), and "a genuine possibility of juror confusion exists when it is possible that some jurors will convict on the basis of one set of facts while others will convict on the basis of another set of facts," *United States v. Jerome*, 942 F.2d 1328, 1331 (1991). Such a possibility existed in the instant case: some jurors may

6

have believed that Mr. Corona's filing of the 1040 NR forms constituted an affirmative act of evasion, while others may have disagreed, but thought that his failure to report income from Park Centre Properties was such an act. Second, while only a only a single overt act within the statute of limitations is required to support a conviction for conspiracy, a trial court is required to give a statute of limitations instruction whenever there is a possibility that a verdict might rest only on conduct that occurred outside the statute of limitations. *See United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000). Here, the indictment charged and evidence was presented of overt acts that occurred both within and outside the statute of limitations.

    Because the Coronas did not request that the court give these jury instructions, we review for plain error. *See United States v. Klinger*, 128 F.3d 705, 710 (9th Cir. 1997). On such review, we may, among other limitations, correct an error only if it both affects "'substantial rights,' which typically means that the error [was] prejudicial," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings," which we have interpreted to mean that not reversing the error would cause a miscarriage of justice. *See United States v. Anderson*, 201 F.3d 1145, 1150 (9th Cir. 2000) (citations omitted); *Fuchs*, 218 F.3d at 963. To find prejudice in this context, we must perceive a "high probability

[that the failure to give the instruction] substantially affect[ed] the jury verdict." *See Fuchs*, 218 F. 3d at 963.

  We do not perceive the requisite likelihood that the instructional errors affected the jury's verdict. In terms of the specific unanimity instruction, Mr. Corona's defense as to the filing of the 1040NR forms was that he had a good faith belief that he did not owe taxes to the federal government. It was necessary for the jury to reject this same assertion of good faith belief in order to find him guilty of conspiracy. There is no reason to believe that the jury would have reached a different conclusion about the same belief when considering the tax evasion charge. Thus, we do not perceive a high probability that the jury would not have convicted him of tax evasion had it been properly instructed. In terms of the statute of limitations instruction, the overt acts that the indictment alleged took place within the statute of limitations were very similar to the overt acts that the indictment alleged took place outside of the statute of limitations, and evidence was presented at trial as to each of those acts. There is nothing to suggest a high probability that the jury accepted the earlier acts as overt acts in furtherance of the conspiracy but rejected the evidence of later, similar acts. In any event, given the evidence presented at trial and the jury's clear rejection of defendants' asserted good faith belief that they did not have to pay taxes, which was their central

defense on all counts, it would be difficult to regard these errors as having caused a miscarriage of justice. Accordingly, we find no plain error.

**AFFIRMED**